# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| In re: William Barrier Roberts<br>SSN: xxx-xx-9314<br><br>Debtor.<br>_____<br><br>Tazewell T. Shepard,<br>as Trustee for the Chapter 7 Bankruptcy<br>Estate of William Barrier Roberts<br><br>Plaintiff,<br><br>v.<br><br>Roscoe Owen Roberts,<br>in his capacity as personal representative<br>of William Barrier Roberts, deceased.<br><br>Defendant. | Case No.: 18-83442-CRJ-7<br><br>Chapter 7<br><br><br><br><br><br>Adversary Proceeding No.:_____ |

## TRUSTEE'S COMPLAINT FOR DENIAL
## OF THE DEBTOR'S CHAPTER 7 DISCHARGE

COMES NOW Tazewell T. Shepard III, trustee of the bankruptcy estate of the above-captioned Chapter 7 debtor, and pursuant to Rule 7003 of the *Federal Rules of Bankruptcy Procedure*, shows unto this Honorable Court as follows:

### Background

1. On November 16, 2018, William Barrier Roberts (the "**Debtor**") filed a petition under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Northern District of Alabama, Northern Division (the "**Bankruptcy Court**").

2. This case voluntarily converted to Chapter 7 on June 22, 2020. Thereafter, the Bankruptcy Court appointed Tazewell T. Shepard III as the duly qualified and acting Chapter 7 trustee (the "**Trustee**").

3.      The Bankruptcy Court has subject matter jurisdiction over this instant adversary proceeding pursuant to 28 U.S.C. § 1334 (the "**AP**"). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Pertinent Facts

A.     **DEBTOR'S FAILURE TO DISCLOSE ASSETS DURING HIS CHAPTER 11 CASE.**

4.      During his Chapter 11 bankruptcy case, Debtor maintained a stock account with the brokerage house Raymond James & Associates, Inc., account number *****796 (the "**Account**").

5.      Debtor did not declare the Account as an estate asset in his petition, his original bankruptcy schedules, or his amended bankruptcy schedules, all of which were signed and attested to as true and correct under penalty of perjury.

6.      Debtor further attested to the accuracy of his filed schedules in his original and two (2) amended Chapter 11 disclosure statements, all of which he filed between May 20, 2019 and August 15, 2019.

7.      Trustee has uncovered no evidence to suggest that the Debtor proactively and voluntarily disclosed the Account or other hidden assets to the Bankruptcy Administrator or his creditors.

8.      Moreover, following a creditor's discovery that Debtor received an undisclosed inheritance, this Court entered an order on April 20, 2020 requiring as follows:

> **IT IS THEREFORE ORDERED, ADJUDGED and DECREED** that on or before **Monday, May 11, 2020,** the Debtor is hereby **DIRECTED** to file a Disclosure of Inheritance, fully disclosing the nature, amount, and date of any post-petition inheritance either received or which the Debtor has become entitled to receive.

ECF Doc. 335.

9.      In response to this Court's order, Debtor filed a report on May 11, 2020 stating simply: "On December 8, 2019, the Debtor's father, Roscoe Roberts, passed away. The estimated value of the Debtor's distribution is $950,000.00, less lifetime advance of $450,000.00, which nets $500,000.00." [ECF Doc. 350].

10. Trustee avers that Debtor did not fully satisfy his statutory duties of disclosure, as required by 11 U.S.C. §§ 521 & 541, and this Court's further ordered disclosure.

11. Instead, during the spring of 2020, Debtor began transferring cash and securities to his brother, Roscoe Owen Roberts ("**Owen Roberts**"), to hold in trust on Debtor's behalf and for Debtor's benefit.

### B. DEBTOR'S TRANSFER OF ASSETS TO THE TRUST.

12. Debtor's children, Patricia T. Roberts and Lee Ann Grote Roberts (the "**Debtor's Daughters**") created the Patricia T. Roberts and Lee Ann Grote Roberts Inter Vivos Trust (the "**Trust**") on March 6, 2020.

13. The Trust lists Debtor and the Debtor's Daughters as its beneficiaries. Owen Roberts serves as the Trust's trustee.

14. Between March 6, 2020 and June 23, 2020, Debtor, or Owen Roberts acting on Debtor's behalf, transferred at least $692,652.10 in cash and securities from Debtor to the Trust's Raymond James & Associates, Inc. stock accounts (the "**Trust's Stock Accounts**").

15. Trustee avers that some of these transferred assets came from the Account. Other assets transferred originated from life insurance proceeds and securities that Debtor inherited from his deceased father during the pendency of Debtor's Chapter 11 bankruptcy case.

16. To the best of Trustee's knowledge, Owen Roberts remains in possession of all Debtor-assets transferred to the Trust and the Trust's Stock Accounts.

## COUNT ONE
## Denial of Discharge

17. The factual averments of the preceding paragraphs are incorporated as if restated herein in full.

18 In bankruptcy cases "…the importance of full and honest disclosure cannot be overstated." *Burns v. Pemco Aeroplex, Inc.,* 291 F.3d 1282, 1286 (11th Cir. 2002).

19. The Debtor's "duty to disclose is a continuing one that does not end once the forms are submitted to the bankruptcy court; rather, a debtor must amend his financial statements if circumstances change." *Id. (*citing *In re Coastal Plains, Inc.,* 179 F.3d 197, 208 (5th Cir. 1999)).

20. In this Federal Circuit, the caselaw law states, "[t]he intent to manipulate the bankruptcy system occurred at the moment [a debtor] was under a duty to disclose [their] pending claims but did not do so. *Slater v. US Steel Corp*., 820 F. 3d 1193, fn. 109 (11th Cir. 2016).

A. DEBTOR'S TRANSFER OF ASSETS DURING HIS CASE.

21. Section 727(a)(2)(B) of the Bankruptcy Code provides in pertinent part: "The court shall grant the debtor a discharge unless the debtor, with intent to hinder, delay or defraud a creditor. . . has transferred… or concealed. . . or has permitted to be transferred… or concealed… property of the estate, after the date of the filing of the petition."

22. During his Chapter 11 case, Debtor, with the intent to hinder, delay or defraud one or more creditors, transferred and concealed bankruptcy estate property.

23. During his Chapter 11 case, Debtor, with the intent to hinder, delay or defraud one or more creditors, permitted Owen Roberts to transfer and conceal estate property.

24. Accordingly, pursuant to 11 U.S.C. § 727(a)(2)(B), Debtor and Debtor's decedent estate are not entitled to a Chapter 7 bankruptcy discharge.

B. DEBTOR'S FALSE STATEMENTS.

25. Section 727(a)(4)(A) of the Bankruptcy Code provides in applicable part that: "The court shall grant a discharge unless the debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account."

26. Debtor failed to disclose the Account in any of his numerous pleadings made under penalty of perjury and filed with this Court.

27. Further, despite his ongoing duties of disclosure, Debtor failed to disclose his receipt of an inheritance until a creditor discovered such information and brought it to the Court's attention.

28. Debtor knowingly and fraudulently, in or in connection with his underlying bankruptcy case, made one or more false oaths or accounts.

29. Accordingly, pursuant to 11 U.S.C. § 727(a)(4)(A), Debtor and Debtor's decedent estate are not entitled to a Chapter 7 bankruptcy discharge.

WHEREFORE, premises considered, the Trustee prays that this Honorable Court will enter an Order:

(i) Denying Debtor and Debtor's decedent estate a discharge in bankruptcy; and

(ii) Granting such further relief as the Court deems just and proper.

Respectfully submitted this the 21st day of March, 2021.

/s/ Tazewell T. Shepard IV
Tazewell T. Shepard III
Kevin M. Morris
Tazewell T. Shepard IV
*Attorneys to Chapter 7 Trustee*

**SPARKMAN, SHEPARD & MORRIS, P.C.**
P.O. Box 19045
Huntsville, AL 35804
(256) 512-9924
ty@ssmattorneys.com

## CERTIFICATE OF SERVICE

This is to certify that I have this the 21 day of March, 2021 served the foregoing document upon all addressees on Kevin D. Heard, *Attorney for Owen Roberts*, Owen Roberts, *Personal Representative for the Debtor, Deceased*, 24 Lendon Park Dr. SE, Huntsville, AL 35802, Stuart M. Maples, *Attorney for William Barrier Roberts*, Richard M. Blythe, Attorney for the Bankruptcy Administrator, and all parties requesting notice, by electronic service through the Court's CM/ECF system and/or by placing a copy of the same in the U. S. Mail, postage prepaid.

/s/ Tazewell T. Shepard IV
Tazewell T. Shepard IV