IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| In the Matter of: | ) | |
| | ) | |
| WILLIAM BARRIER ROBERTS | ) | CASE NO. 18-83442-CRJ7 |
| SSN: XXX-XX-9314 | ) | |
| | ) | CHAPTER 7 |
| Debtor. | ) | |
| | ) | |
| TAZEWELL T. SHEPARD, as Trustee for, | ) | ADVERSARY NO. 21-80040-CRJ |
| the Chapter 7 Bankruptcy Estate of William | ) | |
| Barrier Roberts, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROSCOE OWEN ROBERTS, in his capacity, | ) | |
| as Personal Representative of William Barrier | ) | |
| Roberts, deceased, | ) | |
| | ) | |
| Defendant. | ) | |

**ROSCOE OWEN ROBERTS' ANSWER TO TRUSTEE'S COMPLAINT
FOR DENIAL OF THE DEBTOR'S CHAPTER 7 DISCHARGE**

COMES NOW, Roscoe Owen Roberts, in his capacity as personal representative of William Barrier Roberts, deceased ("Defendant"), by and through undersigned counsel, and files his Answer to Chapter 7 Trustee, Tazewell T. Shepard's ("Plaintiff's") Complaint for Denial of the Debtor's Chapter 7 Discharge, denying each and every material allegation contained in said Complaint, and demanding strict proof thereof. In further answer, Defendants respond paragraph by corresponding paragraph, as follows:

**Background**

1. Paragraph 1 does not require a response from this Defendant, but to the extent that a response is necessary, any allegations in paragraph 1 are denied.

1

2. Paragraph 2 does not require a response from this Defendant, but to the extent that a response is necessary, any allegations in paragraph 2 are denied.

3. Defendant admits the allegations contained in paragraph 3 for jurisdictional purposes only.

## Pertinent Facts

**A. Debtor's Failure to Disclose Assets During His Chapter 11 Case.**

4. Defendant is without sufficient information to admit or deny the allegations in paragraph 4 and, therefore, denies the same.

5. Defendant is without sufficient information to admit or deny the allegations in paragraph 5 and, therefore, denies the same.

6. Defendant is without sufficient information to admit or deny the allegations in paragraph 6 and, therefore, denies the same.

7. Defendant is without sufficient information to admit or deny the allegations in paragraph 7 and, therefore, denies the same.

8. Admitted to the extent that the Court's docket shows an Order entered on April 20, 2020; however, Defendant is without sufficient information to admit or deny any remaining allegations in paragraph 8 and, therefore, denies the same.

9. Admitted to the extent that the Court's docket shows that Debtor filed a report on May 11, 2020 at ECF Doc. 350; however, Defendant is without sufficient information to admit or deny any remaining allegations in paragraph 9 and, therefore, denies the same.

10. Defendant is without sufficient information to admit or deny the allegations in paragraph 10 and, therefore, denies the same.

11. Defendant denies the allegations contained in paragraph 11, and demands strict proof thereof.

**B.     Debtor's Transfer of Assets to the Trust.**

12. To the extent that paragraph 12 requires a response from this Defendant, the allegations in paragraph 12 are denied, and Defendant demands strict proof thereof.

13. Admitted.

14. Defendant denies the allegations contained in paragraph 14, and demands strict proof thereof.

15. Defendant denies the allegations contained in paragraph 15, and demands strict proof thereof.

16. Defendant denies the allegations contained in paragraph 16, and demands strict proof thereof.

## COUNT ONE
## Denial of Discharge

17. Defendant hereby adopts and incorporates by reference the responses set forth hereinabove as if fully set forth herein.

18. Paragraph 18 does not require a response from this Defendant, but to the extent that a response is necessary, any allegations in paragraph 18 are denied.

19. Paragraph 19 does not require a response from this Defendant, but to the extent that a response is necessary, any allegations in paragraph 19 are denied.

20. Paragraph 20 does not require a response from this Defendant, but to the extent that a response is necessary, any allegations in paragraph 20 are denied.

**A.     Debtor's Transfer of Assets During His Case.**

21. Paragraph 21 does not require a response from this Defendant, but to the extent that a response is necessary, any allegations in paragraph 21 are denied.

22. To the extent that paragraph 22 requires a response from this Defendant, the allegations in

3

paragraph 22 are denied, and Defendant demands strict proof thereof.

23. Defendant denies the allegations contained in paragraph 23, and demands strict proof thereof.

24. The allegations in Paragraph 24 are legal conclusions; however, to the extent a response is required of this Defendant, the allegations contained in Paragraph 24 are denied, and Defendant demands strict proof thereof.

**B.    Debtor's False Statements.**

25. To the extent that paragraph 25 requires a response from this Defendant, the allegations in paragraph 25 are denied, and Defendant demands strict proof thereof.

26. To the extent that paragraph 26 requires a response from this Defendant, the allegations in paragraph 26 are denied, and Defendant demands strict proof thereof.

27. To the extent that paragraph 27 requires a response from this Defendant, the allegations in paragraph 27 are denied, and Defendant demands strict proof thereof.

28. To the extent that paragraph 28 requires a response from this Defendant, the allegations in paragraph 28 are denied, and Defendant demands strict proof thereof.

29. The allegations in Paragraph 29 are legal conclusions; however, to the extent a response is required of this Defendant, the allegations contained in Paragraph 29 are denied, and Defendant demands strict proof thereof.

## AFFIRMATIVE DEFENSES

In further response to the Plaintiff's Complaint, Defendant states as follows:

1. Plaintiff ought not recover on the grounds that the Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff ought not recover on the Complaint on the grounds that the claims asserted therein are barred under the doctrines of waiver and estoppel.

3. Plaintiff's claims are barred under the doctrine of laches.

4. Plaintiff ought not recover on the Complaint on the grounds that the claims asserted therein are barred under the doctrine of justification.

5. Some affirmative defenses have been pled in the alternative and/or for purposes of non-waiver and nothing in the affirmative defenses shall be deemed an admission by Defendant.

6. Defendant reserves the right to amend this pleading and assert such further and additional defenses that Defendant becomes aware of during the course of this proceeding upon further investigation and discovery.

WHEREFORE PREMISES CONSIDERED, Defendant Roscoe Owen Roberts respectfully requests that this Honorable Court deny the relief sought by Plaintiff in the Complaint, plus grant Defendant such further and additional relief as this Court deems just and proper.

Respectfully submitted this the 18th day of October, 2021.

*/s/ Kevin D. Heard*
Kevin D. Heard

Of Counsel:
HEARD, ARY & DAURO, LLC
303 Williams Avenue
Park Plaza, Suite 921
Huntsville, Alabama 35801
Phone: (256) 535-0817
Fax: (256) 535-0818
kheard@heardlaw.com

# CERTIFICATE OF SERVICE

        I hereby certify that on the 18th day of October, 2021, I served a copy of the foregoing document on the parties listed below via electronic mail at the e-mail address below, unless the party being served is a registered participant in the CM/ECF System for the United States Bankruptcy Court for the Northern District of Alabama, service has been made by a "Notice of Electronic Filing" pursuant to FRBP 9036 in accordance with subparagraph II.B.4. of the Court's Administrative Procedures as indicated below:

**Notice will be electronically mailed to:**

Richard M Blythe Richard_Blythe@alnba.uscourts.gov; courtmaildec@alnba.uscourts.gov

Stuart M Maples smaples@mapleslawfirmpc.com; kmanning@mapleslawfirmpc.com

Tazewell Shepard tshepard@ecf.axosfs.com; janelle@ssmattorneys.com

Tazewell Taylor Shepard, IV ty@ssmattorneys.com

**Notice will not be electronically mailed to:**

                                      */s/ Kevin D. Heard*
                                      Kevin D. Heard